IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LORIE R. BOWERS,** | : | |
|         **Plaintiff** | : | |
|     v. | : | **3:CV-03-1137** |
| | : | **(JUDGE VANASKIE)** |
| **FOTO-WEAR, INC., DONALD S. HARE,** | : | |
| **D. TROY SECHRIST, LORRAINE L. HARE,** | : | |
| **PAUL D. JETTER, MARK S. SAWCHAK,** | : | |
| **Each Individually and as an Officer of** | : | |
| **Foto-Wear, Inc.,** | : | |
|         **Defendants** | : | |

## MEMORANDUM

Plaintiff Lorie Bowers initiated this action against her former employer, Foto-Wear, Inc., and its officers, claiming that the company breached its employment contract with her by failing to pay her monies due under that agreement.  After a jury trial, Ms. Bowers secured a verdict in her favor, with compensatory damages of $97,500, plus a liquidated damages award of $24,375.  Ms. Bowers now moves for attorney fees, costs, and prejudgment interest pursuant to the Pennsylvania Wage Payment and Collection Law (the "WPCL"), 43 Pa. Cons. Stat. Ann. § 260.1, et seq., and Federal Rule of Civil Procedure 54(d).  (Pl.'s Mot. Att'y Fees, Dkt. Entry 158, at p. 2-8.)  Specifically, Ms. Bowers requests the following: (1) attorney fees for the legal services provided by Mr. Neil Grover in the amount of $123,054.75; (2) a separate award of $2,750 in attorney fees for the legal services provided by Mr. Richard M. Schall before litigation; (3) costs in the amount of $10,869.08, or in the alternative, $5,549.49; (4) prejudgment interest

of $25,418.25 on the breach of contract compensatory damage award; and (5) prejudgment interest of $6,230.25 on the liquidated damages.  (Id.)  In sum, Ms. Bowers requests that $168,322.33 be added to the monetary judgment entered in her favor.  (Id. ¶ 32.)

For the reasons discussed below, the Court will grant in part and deny in part Ms. Bowers' motion.  Ms. Bowers will be entitled to collect from Defendants $123,054.75 in attorney fees and $5,627.93 in costs, for a total of $128,682.68.  The request for prejudgment interest is denied.

## I.  BACKGROUND

On July 9, 2003, Ms. Bowers filed a five-count complaint.  (Dkt. Entry 1.)  She subsequently amended her complaint on May 19, 2004.  (Dkt. Entry 27.)  Ms. Bowers asserted the following claims against Foto-Wear, Inc. and its officers: (1) breach of employment contract for failing to pay monies; (2) violation of the WPCL, 43 Pa. Cons. Stat. Ann. § 260.1, et seq., for failing to pay her commission and benefits due at termination; (3) violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, et seq., and the Pennsylvania Minimum Wage Act (the "Pa. MWA"), 43 Pa. Cons. Stat. Ann. § 333.102, et seq., for failing to pay her overtime wages; (4) unlawful retaliation against her for making complaints about Defendants' noncompliance with wage laws; and (5) violation of the New Jersey Conscientious Employee Protection Act (the "CEPA"), N.J. Stat. Ann. 34:19-1, et seq., for terminating her employment in response to complaints about Defendants' noncompliance with wage laws.  (Dkt. Entry 27.)

On March 22, 2007, in response to cross-motions for summary judgment, this Court denied both parties' motions for summary judgement on the breach of contract and WPCL claims, and granted Defendants' motion for summary judgment on Ms. Bowers' FLSA, Pa. MWA, CEPA, and retaliation claims. (Dkt. Entry 105.) The case then proceeded to trial on the contract and WPCL claims.[1]

On July 17, 2007, a jury returned a verdict in favor of Ms. Bowers, finding that Foto-Wear, Inc. had breached the employment contract. (Dkt. Entry 147.) The Court then entered judgment in favor of Ms. Bowers and against Defendant Foto-Wear, Inc., on Count I of the amended complaint (breach of contract) in the principal amount of $97,500, with any award of prejudgment interest to be decided in a post-judgment decision. (Dkt. Entry 153, ¶ 1.) The Court also entered judgment in favor of Ms. Bowers and against Defendants Foto-Wear, Inc. and Loraine L. Hare, Executrix of the Estate of Donald S. Hare, on Count II of the amended complaint for the principal amount of unpaid salary and benefits in the amount of $97,500 plus liquidated damages of $24,375, pursuant to 43 Pa. Cons. Stat. Ann. § 260.10.[2] (Id. ¶ 2.)

---

[1] A more complete recitation of the procedural history and factual background of the this case is found in this Court's memorandum decision resolving the motions for summary judgment. See Bowers. v. Foto-Wear, Inc., No. 3:CV-03-1137, 2007 WL 906417 (M.D. Pa. March 22, 2007).

[2] This total amount was subject to any offset for amounts paid in settlement by Co-Defendant Troy Sechrist.

## II.  DISCUSSION

Plaintiff has requested attorney fees of $125,804.75, costs in the amount of $10,869.08, or in the alternative $5,549.49, and prejudgment interest totaling $31,648.50. These requests will be addressed seriatim.

### A.  Attorney Fees

Plaintiff seeks to recover fees for the two attorneys that represented her before and during litigation.  (Pl.'s Mot. Att'y Fees, Dkt. Entry 158, ¶ 8.)  In particular, she seeks $123,054.75 for the services rendered by her trial counsel, Neil A. Grover, and $2,750 for her pre-litigation counsel, Richard M. Schall.  (Id. ¶¶ 7, 8.)

According to the WPCL, 43 Pa. Cons. Stat. Ann. § 260.9a(f), a court "shall . . . allow costs for reasonable attorney fees of any nature to be paid by the defendant."  Courts have held that "an award of attorney fees to a prevailing employee in an action brought under the Wage and Payment Collection Law is mandatory, but the Court retains discretion to determine the amount." Bair v. Purcell, 500 F. Supp. 2d 468, 494 (M.D. Pa. 2007) (citing Oberneder v. Link Computer Corp., 548 Pa. 201, 206 (Pa. 1997); see also Hensley v. Echerhart, 461 U.S. 424, 433 (1983) (emphasizing the discretion allotted to the district court in determining the amount of a fee award).

In the instant case, Plaintiff has employed the lodestar method to calculate her counsel fees.  The lodestar method is typically employed in the statutory fee shifting framework.  In re

General Motors Corp. Pick-up Truck Fuel Tank Products Liability Litig., 55 F.3d 768, 821 (3d Cir. 1995). The lodestar multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley, 461 U.S. at 433. The result of the computation is the lodestar, which is strongly presumed to yield a reasonable fee. Washington v. Phila. County Court of Common Pleas, 89 F. 3d 1031, 1035 (1996) (citing City of Burlington v. Dague, 505 U.S. 557, 562 (1992)). The two factors of the lodestar, the number of hours and hourly rate, are to be assessed, and then a court may exercise its discretion to adjust the results obtained. Public Interest Research Group of N. J., Inc. v. Windall, 51 F.3d 1179, 1190 (1995).

A reasonable hourly rate is calculated according to the prevailing market rates in the community. Blum v. Sentson, 465 U.S. 886, 895-96 n.11 (1984). The prevailing party bears the burden of establishing by way of satisfactory evidence, "in addition to the attorney's own affidavits," that the requested hourly rates meet this standard. Washington, 89 F.3d at 1035.

In arriving at a rate of $200 per hour for litigation time and $250 for trial time beginning eight (8) weeks prior to trial, Mr. Grover relies on EEOC v. Fed. Express Corp., where the court found the hourly rates of $350 and $275 reasonable. No. 1:02-CV-1194, 2005 U.S. Dist. LEXIS 5834 (M.D. Pa. January 18, 2005) (finding the hourly fees of $350 and $275 reasonable for attorneys with twenty (20) to twenty-five (25) years experience in employment litigation). Here, Mr. Grover had approximately fifteen (15) years experience at the beginning of this action and approximately nineteen (19) years at the time trial commenced. The proposed hourly rates do

not appear to be unreasonable for employment litigation considering his experience. Moreover, Defendants have not objected to these rates. Thus, the Court finds that Mr. Grover has adequately shown the market rate and that his rates are reasonable in comparison.[3]

The Court is obligated "to review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described[,] and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" Public Interest Research Group of N.J., Inc., 51 F.3d at 1188 (quoting Hensley, 461 U.S. at 434). Our Court of Appeals has admonished the district courts to undertake a "thorough and searching analysis" and that "it is necessary that the Court go line, by line, by line through the billing records supporting the fee request." Evans v. Port Auth. of N.Y. & N.J., 273 F.3d 346, 362 (3d Cir. 2001) (internal citations omitted).

Mr. Grover has recorded 647.25 total hours of legal work over the past four (4) years in connection with the case at bar. (Ex. A, Pl.'s Mot. Att'y Fees, Dkt. Entry 158-2, ¶ 10.) Of the total claimed, 501.7 hours were performed at the hourly rate of $200 per hour, and 145.55 hours at the trial practice rate of $250 per hour. (Id. ¶ 14.) Mr. Grover has also provided a detailed description of his legal work, including the date, task accomplished and time expended for each entry. (Ex. B, Pl.'s Mot. Att'y Fees, Dkt. Entry 158-3.) After a thorough review, this

---

[3]Plaintiff has not indicated the hourly rates for Mr. Schall.

Court does not find Mr. Grover's hours unnecessary or duplicative.[4]  Given the ardent opposition to the litigation, the time expended was reasonable and necessary.  The lodestar is thus $136,727.50.[5]

With a lodestar figure of $136,727.50, the Court must now determine whether an adjustment to the lodestar is warranted.  Mr. Grover has proposed a 10% ($36,387.50) reduction to the lodestar to account for inefficiencies and issues removed from this action.[6]  (Pl. Att'y Aff., ¶¶ 12-14.)  Defendants assert, however, that $125,805 in attorneys fees plus expenses in order to collect a judgment of $121,875 is unreasonable, especially in a breach of contract or collection case against a corporation.  (Opp'n Br. Pl.'s Mot. Att'y Fees, Dkt. Entry 162, at p. 7.)  Specifically, Defendants argue that portions of Mr. Grover's work were exclusively, or almost exclusively, focused on unsuccessful claims from this action.  (Id. at p. 6 n.2.)  Defendants list twelve (12) days in which Plaintiff's counsel focused on the unsuccessful claims, totaling $13,100 in attorney fees.  (Id.)

---

[4]Plaintiff has not included the billable hours for Mr. Schall.

[5]<u>Lodestar Calculation</u>:

501.7 (hours) x $200 (rate) = $100,340

145.55 (hours) x $250 (rate) = $36,387.50

<u>Total Fee: $100,340 + $36,387.5 = $136,727.50</u>

[6]Mr. Grover also excluded approximately 30 hours of work from the total hours worked. (Mem. Supp. Mot. Att'y Fees, Dkt. Entry 159, at 4; Pl. Att'y Aff., Dkt. Entry 158-2, ¶ 8.)

7

A district court may adjust the lodestar downward if the lodestar is not reasonable in light of the results obtained. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)(citing Hensley, 461 U.S. at 434-37.)) In fact, "[w]ork on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result obtained." Hensley, 461 U.S. at 434-35.

In this case, Plaintiff succeeded on the breach of contract and WPCL claims. This Court dismissed the other four (4) claims. See Bowers. v. Foto-Wear, Inc., No. 3:CV-03-1137, 2007 WL 906417 (M.D. Pa. March 22, 2007). Mr. Grover's proposal to reduce his attorney fees by $36,387.50 would more than offset the twelve (12) days in which he worked on the dismissed claims. This reduction would also be a reasonable adjustment to the lodestar. It accounts for the four (4) dismissed counts, and at the same time, gives credit for the hours worked between the motion for summary judgment and jury verdict phases of the litigation, when Plaintiff exclusively worked on the two successful claims.[7]

Because Plaintiff has failed to submit documentation relating to Mr. Schall's experience, hourly rate, or hours worked, the attorneys fees requested on his behalf will be denied. Therefore, the Court will grant Plaintiff the sum of $123,054.75 in attorneys fees.

---

[7]This Court's order granting in part and denying part summary judgment was issued on March 22, 2007. (Dkt. Entry 105.) The jury verdict was entered on July 17, 2007. (Dkt. Entry 154.) Mr. Grover worked a total of 151. 95 hours during this period. (Ex. B, Pl.'s Mot. Att'y Fees.)

**B.  Costs**

Federal Rule of Civil Procedure 54(d)(1) provides, in pertinent part, that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . ."  FED. R. CIV. P. 54(d)(1).  Thus, the determination of which costs will be awarded to the prevailing party is a matter left to the sound discretion of the district court.  Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 232 (1964).  "Although that discretion is not unbounded it allows the district court a wide range within which its determination will not be upset by an appellate court."  Copperweld Steel Co. v. Demag-Mannesmann-Bohler, 624 F.2d 7, 8 (3d Cir. 1980); Pearlstine v. United States, 649 F.2d 194, 198 (3d Cir. 1981) (recognizing that the taxation of costs is a matter within the discretion of the trial court).

Rule 54(d)(1) creates a strong presumption that costs are to be awarded to the prevailing party.  In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 462 (3d Cir. 2000).  Those costs mentioned in Rule 54(d)(1) are defined in 28 U.S.C. § 1920 to include:

>  (1) Fees of the clerk and marshal;
>  (2) Fees of the court reporter for all or any part of the stenographic
>  transcript necessarily obtained for use in the case;
>  (3) Fees and disbursements for printing and witnesses;
>  (4) Fees for exemplification and copies of papers necessarily obtained for
>  use in the case;
>  (5) Docket fees under section 1923 of this title;
>  (6) Compensation of court appointed experts, compensation of
>  interpreters, and salaries, fees, expenses, and costs of special
>  interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Not only are taxable expense recoverable, but Rule 54(d)(2) allows claims for "related non-taxable expenses." Fed. R. Civ. P. 54(d)(2). A district court is permitted to award non-taxable expenses, which may include costs for postage, telephone, expert fees, travel, deposition transcripts, shipping, parking, lodging and food. David v. AM Intern., 131 F.R.D. 86, 90 (E.D. Pa.,1990) (citing Rank v. Balshy, 590 F. Supp. 787, 801-804 (M.D. Pa.1984)). The costs and expenses incurred by counsel are subject to the court's determination. Apple Corps. Ltd. v. Int'l Collectors Soc., 25 F. Supp. 2d 480, 497 (D.N.J. 1998) (citing Abrams v. Lightolier Inc., 50 F.3d 1204, 1225 (3d Cir. 1995)).

Mr. Grover has requested reimbursement of costs and expenses in the amount of $10,869.08, which includes Mr. Grover's postage charges and expenses incurred by the Plaintiff herself. In the alternative, Mr. Grover requests $5,549.49, which excludes the two expenses mentioned above. The list of Mr. Grover's costs is broken down into seven (7) categories: (1) filing fees; (2) court reporters; (3) printing, binding and copying; (4) computerized legal research; (5) attorney travel expenses for D. Troy Sechrist deposition (CEO of Foto-Wear, Inc.); (6) attorney travel expenses for two-days of depositions at Foto-Wear Headquarters; and (7) postage charges and client incurred expenses.

The Court will award Mr. Grover all the categories of costs, except the client incurred expenses in category seven (7). All of these costs are deemed fair, reasonable and necessary to the litigation. District courts in this Circuit have routinely allowed these types of costs.

David,131 F.R.D. at 90 (citing Rank v. Balshy, 590 F.Supp. 787, 801-804 (M.D. Pa.1984)); Danny Kresky Enter. Corp. v. Magid, 716 F.2d 215, 219 (3d Cir.1983); see also Sypniewski v. Warren Hills Reg'l Bd. of Ed., No. 01-3061, 2006 WL 1675066 (D.N.J. June 14, 2006) (granting the plaintiff's request for additional non-taxable expenses, including photocopying expenses, telephone expenses, travel time and postage); cf. Lenahan v. Sears, Roebuck & Co., No. 02-CV-0045, 2006 WL 2085282, at *22 (D.N.J. July 24, 2006) (citing Yong Soon Oh v. AT&T Corp., 225 F.R.D. 142, 154 (D.N.J. 2004)) (granting counsel's request, in a class action case, for costs of legal research, travel, experts, mediators and copying).  Moreover, allowing these costs furthers the purpose of the WPCL to "make employees whole again" and "protect employees when employers breach a contractual obligation to pay wages."  Oberneder, 548 Pa. at 532-33.

   With respect to Plaintiff's personal expenses included in category seven (7), Plaintiff has provided a list of her expenses, such as travel, postage, long distance telephone charges, shipping charges, fax charges, parking, tolls and commercial copy charges, for a total expense of $5,241. (Ex. C, Pl. Mot. Att'y Fees, Dkt. Entry 158-4, at 3-4.)  Plaintiff has also provided a detailed description of these costs.  (Ex. D, Pl. Mot. Att'y Fees, Dkt. Entry 158-5.)

   Plaintiff has failed to cite legal authority in support of her claim for reimbursement of her personal expenses.  Accordingly, Plaintiff's request for reimbursement of personal expenses will be denied.  Plaintiff is thus awarded a total of $5,627.93 in costs.

**C. Prejudgment Interest**

The decision whether or not to award prejudgment interest is within the sound discretion of the trial court. Booker v. Taylor Milk Co., 64 F.3d 860, 868 (3d Cir. 1995). Prejudgment interest should be awarded "in response to considerations of fairness and denied when its exaction would be inequitable." Id. (internal citations omitted).

Defendants argue that Plaintiff would receive a windfall or dual payment if entitled to collect both liquidated damages and prejudgment interest. (Def.s' Br. Opp'n Mot. Att'y Fees, Dkt. Entry 162, at 1.) In arguing against an award of prejudgment interest, Defendants primarily rely on Signora v. Liberty Travel, Inc., where the court found the prevailing party could not recover both liquidated damages and prejudgment interest. 886 A.2d 284 (Pa. Super. Ct. 2005). The Superior Court reasoned that both prejudgment interest and statutory liquidated damages "are intended to compensate for the loss of use of the proper amount of wages payable." Signora, 886 A.2d at 296 (citing Friedrich v. U.S. Computer Sys., Inc., Civ. A. No. 90-1615, 1995 WL 412385, at *4 (E.D. Pa. July 10, 1995). Under the WPCL, the award of liquidated damages is not considered punitive in nature, but goes to compensate the prevailing party where interest is not separately awarded. Id. The Superior Court thus found that an award of liquidated damages and prejudgment interest would constitute a dual recovery or a windfall. Id.

The logic of Signora and Friedrich is compelling. Under the WPCL, liquidated damages

are intended to compensate an employee for wages wrongfully withheld, and not to punish the defendant.[8]  Under these circumstances, an award of prejudgment interest may not be made. Thus, Plaintiff's request for prejudgement interest is denied.

An appropriate Order follows.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge

---

[8]If the liquidated damages award under the WPCL were considered punitive in nature, there would be a stronger argument that both liquidated damages and prejudgment interest should be awarded.  The two would serve different interests – the prejudgement interest would serve as compensation to the prevailing party for the unpaid wages and the liquidated damages would serve as punishment to the employer.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LORIE R. BOWERS,** | : | |
| **Plaintiff** | : | |
| v. | : | **3:CV-03-1137** |
| | : | **(JUDGE VANASKIE)** |
| **FOTO-WEAR, INC., DONALD S. HARE,** | : | |
| **D. TROY SECHRIST, LORRAINE L. HARE,** | : | |
| **PAUL D. JETTER, MARK S. SAWCHAK,** | : | |
| **Each Individually and as an Officer of** | : | |
| **Foto-Wear, Inc.,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW, THIS 15th DAY OF NOVEMBER, 2007**, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for attorney fees, costs and prejudgment interest is **GRANTED IN PART** and **DENIED IN PART** as follows:

1) Plaintiff is awarded attorneys fees of $123,054.75.

2) Plaintiff is awarded costs of $5,549.49.

3) Plaintiff's request for prejudgment interest is **DENIED**.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge